WATFORD, Circuit Judge,
concurring:
I join the majority’s opinion, except to the extent that it suggests the Arizona Supreme Court correctly applied Tison v. Arizona, 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987), and Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), to the facts of Dickens’ case. I agree with the majority that the Arizona Supreme Court’s application of those precedents wasn’t “unreasonable” under 28 U.S.C. § 2254(d)(1). As construed by the United States Supreme Court, § 2254(d)(1) allows us to grant relief only “where there is no possibility fairminded jurists could disagree that the state court’s decision conflicts with [the] Court’s precedents.” Harrington v. Richter,—U.S.-, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011). I view that standard as functionally equivalent to the standard developed under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); it will seldom (if ever) be satisfied unless the petitioner shows that the Supreme Court’s cases “dictate the result” urged by the petitioner. Raffle v. Parks, 494 U.S. 484, 490, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990). As the majority explains, neither Tison nor Enmund dictates the result in Dickens’ case. His case falls in the gap between those two precedents, and fairminded jurists could expand either Enmund’s general rule or Tison’s exception to encompass Dickens’ conduct.
In these circumstances, the Supreme Court has held that we must give “deference” to the Arizona Supreme Court’s interpretation of Tison and Enmund, even if we believe the state court’s interpretation is erroneous. Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Had we been permitted instead to grant relief based on our own “independent evaluation” of those precedents, Wright v. West, 505 U.S. 277, 305, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (O’Connor, J., concurring in the judgment), I would have held that the Eighth Amendment bars Dickens’ execution.